UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| IN RE: ERICA MILAN, DEBTOR | ) | CHAPTER 13 CASE NO: 20-13032-JDW |
| | ) | |
| ERICA MILAN, DEBTOR | ) | PLAINTIFF / COUNTER-DEFENDANT |
| | ) | |
| VERSUS | ) | ADVERSARY PROCEEDING#: 20-01067-JDW |
| | ) | |
| B & J AUTO SALES, LLC, AND | ) | |
| TAWANDA RENEE ROBERTS | ) | DEFENDANTS / COUNTER-PLAINTIFFS |

**MOTION TO DISMISS, AFFIRMATIVE DEFENSES, ANSWER & COUNTERCLAIM**

COMES NOW, Defendants / Counter-Plaintiffs B & J Auto Sales, LLC (hereinafter sometimes "B & J") and Tawanda Renee Roberts (hereinafter sometimes "Ms. Roberts"), and files this their joint motion to dismiss, affirmative defenses, answer and counterclaim, and as cause would show unto the Court the following, to-wit:

**MOTION TO DISMISS**

First, Ms. Roberts has absolutely no privity of contract with Plaintiff. Thus, she should be dismissed in her individual capacity as a matter of law.

Second, Plaintiff voluntarily gave possession of the subject vehicle to a repair shop, which is a third party. Plaintiff instructed a third party to contact B & J for payment and to voluntarily return the vehicle to B & J. Plaintiff filed a voluntary petition for bankruptcy. The repair shop refused to release the vehicle without payment. B & J, in an abundance of precaution to protect its security interest, paid the repair shop and possession was voluntarily given to B & J. Thereafter, Plaintiff demanded a return of the vehicle. B & J rightfully requested proof of insurance before allowing the vehicle to leave. Plaintiff initially mispresented coverage. A day later, Plaintiff tendered active coverage. After verifying the coverage, B & J immediately

returned the vehicle despite Plaintiff having failed to provide adequate assurance of the priority and treatment of the expenses and cost incurred by B & J in paying the repair shop and related expenses. Neither Defendant is in possession of the subject vehicle. This action is totally unnecessary and frivolous. Thus, the action should be dismissed as a matter of law. And thereupon, Defendants should be granted attorney's fees and expenses for having to defend the same.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff has failed to plead facts with specificity and detail; thus, a more definite statement is required and to the extent the same is not provided, the complaint, or particular claims therein, should be dismissed pursuant to *Federal Rules of Civil Procedure* (hereinafter "F.R.C.P.") *12(e)*.

### Second Defense

Plaintiff has failed to set forth sufficient facts and proof that this Court has jurisdiction over the subject matter complained of herein by the Plaintiff, and thus this matter should be dismissed pursuant to *F.R.C.P. 12(b)(1)*.

### Third Defense

Plaintiff has failed to set forth sufficient facts and proof that this Court has jurisdiction over the persons or entities, and thus this matter should be dismissed pursuant to *F.R.C.P. 12(b)(2)*.

### Fourth Defense

Plaintiff has failed to set forth sufficient facts and proof that venue is proper before this Court, and thus this matter should be dismissed pursuant to *F.R.C.P. 12(b)(3)*.

### Fifth Defense

Plaintiff's process is insufficient and thus this matter should be dismissed pursuant to *F.R.C.P. 12(b)(4)*.

### Sixth Defense

Plaintiff's service of process is insufficient and thus this matter should be dismissed pursuant to *F.R.C.P. 12(b)(5)*.

### Seventh Defense

Plaintiff has failed to state a claim upon which relief can be granted, and thus this matter should be dismissed pursuant to *F.R.C.P. 12(b)(6)*.

### Eighth Defense

Plaintiff has failed to join the necessary parties as required by *F.R.C.P. 19*, and thus this matter should be dismissed pursuant to *F.R.C.P. 12(b)(7)*.

### Ninth Defense

Plaintiff has failed to set forth sufficient facts and pleadings, and thus Defendants are entitled to a dismissal simply based upon the insufficient matters within the pleadings pursuant to *F.R.C.P. 12(c)*.

### Tenth Defense

Defendants demand that any redundant, immaterial, impertinent, or scandalous matter be stricken from the complaint pursuant to F.R.C.P. 12(f).

### Eleventh Defense

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, statute of repose, and/or latches.

### Twelfth Defense

Plaintiff's claims are barred by the doctrine of collateral estoppel, res judicata, issue preclusion and/or claim preclusion.

Thirteenth Defense

Defendants invoke the defenses of unclean hands.

Fourteenth Defense

The claims asserted by plaintiff which allows for imposition of punitive damages in this action would violate the due process clause of the Fifth and Fourteenth Amendments of the Constitution of the United States of America because imposition of punitive damages against Defendant would violate their rights to substantive due process of laws.

Fifteenth Defense

Imposition of punitive damages under existing Federal or Mississippi law in this action against Defendants would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America in the following manners:

(a) Imposition of unlimited punitive damages that are vastly disproportionate to any actual or compensable injury violates the Fourteenth Amendment to the Constitution of the United States of America.

(b) Disproportionate punitive damages constitute an arbitrary and capricious taking or property which is not justified by any rational governmental interest and therefore violates the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

(c) An award of punitive damages without specific standards to guide the jury's determination of the amount of such damages is contrary to the requirement of due process under the Fourteenth Amendment of the Constitution of the United States of America.

(d) The fact that Federal law and Mississippi law does not provide a reasonable limit on the amount of punitive awards violates the Fourteenth Amendment of the Constitution of the United States of America.

(e) The substantive standards of liability under which punitive damages are sought in this case are ambiguous, subjective and not reasonably ascertainable, and thus are

(f)    "void for vagueness" under the Fourteenth Amendment to the Constitution of the United States of America.

(f)    Federal law and Mississippi law fails to provide a clear, objective and consistent appellate standard for post verdict review of punitive damages in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

(g)    Federal law and Mississippi law permits civil punishment upon a standard of proof less than that required for the imposition of criminal sanctions.

(h)    Federal law and Mississippi law permits joint and several punishment of defendants who are guilty of different acts and degrees of culpability.

(i)    Federal law and Mississippi law permits multiple awards of punitive damages for the same alleged act or omission and therefore exposes the defendant to double jeopardy.

(j)    Federal law and Mississippi law permits an award of punitive damages in an amount that constitutes an excessive fine in violation of the Eighth Amendment to the Constitution of the United States of America.

### Sixteenth Defense

Imposition of punitive damages under Federal law or Mississippi law violates Defendants' Fifth Amendment guarantee against self incrimination under the constitution of the United States and because said claim is penal in nature while Defendants are required to disclose documents and/or other evidence against their interest under the rules of discovery and evidence.

### Seventeenth Defense

The imposition of punitive damages in this action against Defendants in an amount exceeding any actual and potential harm by an excessive and/or unconstitutional ratio violates Defendants' substantive due process rights guarantee by the *Constitution of the United States of America* and the *Mississippi Constitution of 1890*.

### Eighteenth Defense

The imposition of punitive damages under Federal law and Mississippi law fails to provide fair notice to Defendants that the alleged wrongful conduct could subject it to punishment and also fails to provide fair notice of the severity of the punishment that the state could impose through an award of punitive damages. This lack of fair notice violates Defendants' due process rights, both procedural and substantive, as guaranteed by the *Constitution of the United States of America* and the *Mississippi Constitution of 1890*.

Nineteenth Defense

The imposition of punitive damages against Defendants in this case, if any, would violate Defendants' due process rights as guaranteed by the *Constitution of the United States of America*, because the award of punitive damages is excessive in light of the following criteria: (1) The degree of reprehensibility of Defendants' alleged wrongful conduct; (2) The disparity between the harm or potential harm and the punitive damage award; and (3) The difference between punitive damage awards and the civil penalties imposed or authorized in other cases.

Twentieth Defense

The procedure for determining punitive damages as specified under Mississippi law violates Defendants' right to due process of laws and otherwise violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the *Constitution of the United States of America*, because the procedure for determining punitive damages under Federal law and Mississippi law does not provide meaningful guidance to a jury in the determination of an appropriate punitive award and does not constrain a jury or otherwise reduce the risk of an arbitrary or grossly excessive punitive verdict.

Twenty-first Defense

Defendants invoke the provisions of *§11-1-65, Miss. Code Ann. (1972), as amended*, insofar as any proceedings are conducted for the purpose of assessing punitive damages in this action.

Twenty-second Defense

Defendants invoke the provision of *F.R.C.P. 11* and the *Mississippi Litigation Accountability Act of 1988* set forth in *Miss. Code Ann. § 11-55-1.*

Twenty-third Defense

Defendants invoke their right, if any, to set-off, credits, assignment, or subrogation.

Twenty-fourth Defense

Plaintiff had a duty to mitigate any and all damages; however, utterly failed to do so.

Twenty-fifth Defense

NOW having raised their joint affirmative defenses, Defendants also lodge as an affirmative defense their joint answer and/or response to each and every allegation in the complaint as follows:

**ANSWER TO COMPLAINT TO TURNOVER PROPERTY OF PLAINTIFF**

1. Defendants admit the Plaintiff is the Debtor in this Chapter 13 case; however, Defendants do not know with certainty the current citizenship and residency of Plaintiff. To the extent an answer is required, Defendants admit the allegations set forth in paragraph one (1) of the Complaint to Turnover Property of Plaintiff (hereinafter sometimes "Complaint").

2. Defendants admit the allegations set forth in paragraph two (2) of the Complaint, with exception to the current official address of the registered agent, which is 6068 Highway 305 N, Olive Branch, MS 38654.

3. Defendants admit the allegations set forth in paragraph three (3) of the Complaint, with exception to the current address where she can be served, which is 6068 Highway 305 N, Olive Branch, MS 38654.

4. Defendants admit the allegations set forth in paragraph four (4) of the Complaint, with exception to the current official address of the registered agent, which is 6068 Highway 305 N, Olive Branch, MS 38654.

5. Defendants deny the allegations, as worded, in paragraph five (5) of the Complaint.

6. Defendants admit the allegations, as worded, in paragraph six (6) of the Complaint.

7. Defendants deny the allegations set forth in paragraph seven (7) of the Complaint.

8. Defendants deny the allegations set forth in paragraph eight (8) of the Complaint.

9. Defendants deny the allegations set forth in paragraph nine (9) of the Complaint.

10. Defendants deny the allegations, as worded, in paragraph ten (10) of the Complaint.

11. Defendants admit the allegations set forth in paragraph eleven (11) of the Complaint.

12. Defendants deny the allegations, as worded, in paragraph twelve (12) of the Complaint.

13. Defendants deny the allegations set forth in paragraph thirteen (13) of the Complaint.

14. Defendants deny the allegations set forth in paragraph fourteen (14) of the Complaint.

15. Defendants deny the allegations set forth in paragraph fifteen (15) of the Complaint.

16. Defendants deny the allegations set forth in paragraph sixteen (16) of the Complaint.

17. Defendants deny the remaining un-numbered paragraph beginning, "WHEREFORE, …" including, but not limited to, any and all sub-parts.

NOW HAVING fully responded and answered each and every paragraph of the Complaint, Defendants demand that the Complaint be dismissed with all costs taxed to the Plaintiff.

FURTHER, Defendants bring this their joint counterclaim for damages and relief for the causes of action set forth herein and would show unto the Court, the following, to-wit:

## COUNTERCLAIM

COMES NOW, Counter-Plaintiffs, by and through the undersigned counsel, and files their joint counterclaim damages and for relief as a result of the conduct of Plaintiff and as cause would show unto the Court the following:

Jurisdiction & Venue

1. This Court has the proper jurisdiction and there is no dispute that the parties meet the residential requirements. This counterclaim is governed by *Federal Rule of Bankruptcy Procedure ("FRBP") Rule 7001*.

Parties

2. Counter-Plaintiffs are also the Defendants in this adversary proceeding. Counter-Defendant Erica Milan (hereinafter "Erica" or "Customer" or "Debtor") is the Plaintiff in this adversary proceeding.

Facts

3. On or about January 6, 2020, B & J (hereinafter sometimes "Dealership") sold Erica a 2014 Chevrolet Traverse SUV. In August 2020, Erica got behind on her vehicle payments. She also allowed the vehicle insurance to lapse on the vehicle.

4. Later, she took the vehicle to a repair shop and failed to pay the repair bill. Upon learning of the unpaid repair bill and possibility of the repair shop keeping the car to protect its mechanic's lien or auctioning the car, B & J paid the repair bill in and the repair shop returned possession of the vehicle to B & J.

5. After such events, Erica filed bankruptcy and desires B & J to return the vehicle.

6. B & J demanded sufficient proof of full coverage vehicle insurance. In response, the Debtor's attorney filed an adversary complaint in the bankruptcy proceeding.

7. The Debtor misrepresented to her attorney that she had active coverage. Upon investigation, counsel for B & J was unable to verify coverage and explained the same to the Debtor's attorney.

8. The next day, Debtor's attorney sent notice of full coverage, effective beginning the day before. This was in direct contradiction to the misrepresentation of the Debtor as to the effective date of any coverage. Nonetheless, that same day, the Debtor's attorney tendered the vehicle to the Debtor.

## Causes of Action

Declaratory Judgment

10. B & J believes that it is not only a financier, but also an assignee (thus, a recipient of the rights of the repair shop). Alternatively, B & J has subrogation rights as to its payment of the bill of the repair shop. In other words, B & J believes that it steps into the shoes of the unpaid repair shop with all rights to keep the vehicle until payment of the repair bill is made.

11. B & J requests the Court determine its rights regarding the payment of the repair bill.

Abuse of Process

12. "Under Mississippi jurisprudence, the essential elements of a cause of action for abuse of process include (1) the existence of an ulterior purpose, (2) the malicious perversion of process for a purpose and to obtain a result not lawfully warranted or properly attainable, and (3) a demonstration of damages resulting from the abuse." *Enlow v. Tishomingo County, 962 F.2d 501, 512 (5th Cir.1992).* The Supreme Court has also stated that "favorable termination of prior proceedings is not an element of that cause of action." *Heck, 512 U.S. 477, 486, n. 5, 114 S. Ct. 2364, 129 L. Ed. 2d 383.* The gravamen of abuse of process "is not the wrongfulness of the

prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends." *Id. (citations omitted).*

13. There was absolutely no need to file this adversary action.

14. Debtor was not entitled to the vehicle without providing adequate assurance and proof of vehicle insurance.

15. It was Debtor that failed and misrepresented coverage.

16. Debtor should not be awarded for such misrepresentation.

17. Counter-Plaintiffs are entitled to damages for the malicious perversion of the adversary proceeding process for an ulterior purpose.

WHEREFORE, Counter-Plaintiffs pray this Court grant the following relief:

(a) a declaratory judgment that Counter-Plaintiffs obtained a pre-petition lien in the vehicle that is excluded from any claim of exemption.

(b) a declaratory judgment that Counter-Plaintiffs are entitled to request this Court to lift the stay to enforce the lien as a result of the repair bill.

(c) a judgment for abuse of process and award of damages, attorney's fees, costs and expenses.

(d) any further relief in favor of Counter-Plaintiff.

RESPECTFULLY SUBMITTED, this the 27th day of November, 2020.

> B & J AUTO SALES, LLC, AND
> TAWANDA RENEE ROBERTS
>
> DEFENDANTS
>
> By:
>    */s/ Derek Hopson Sr*
> _____

> D. Dewayne Hopson Jr. MSB#105525
> Derek D. Hopson, Sr., MSB#10514
> **HOPSON LAW FIRM, PLLC**
> P. O. Box 266
> 601 Dr. Martin Luther King, Jr., Blvd., Ste A
> Clarksdale, MS  38614
> Telephone:  (6062) 624-4100
> Fax:  (662) 621-9197
>
> *Attorneys for Defendant & Counter-Defendant*

## CERTIFICATE OF SERVICE

I, Derek D. Hopson, do hereby certify that I have this day cause the above and foregoing:

**MOTION TO DISMISS, AFFIRMATIVE DEFENSES, ANSWER & COUNTERCLAIM**

, by the following means and upon the following individuals &/or entities:

**[VIA ECF]**

Robert Hudson Lomenick, Jr.
P.O. Box 417
Holly Springs, MS 38635
662-252-3224
Fax : 662-252-2858
Email: robert@northmsbankruptcy.com

*Plaintiff / Counter-Defendant's Counsel*

**[VIA ECF]**

Any Other Interested Party Having Properly Entered An Appearance Within The ECF System

THIS THE 27th day of November, 2020.

> */s/ Derek Hopson Sr*
> _____
> Of Counsel

Affirm, Ans & Counter